1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AHERN RENTALS, INC.,                    No. 2:19-cv-01788-MCE-KJN

12                  Plaintiff,

13        v.                                 ORDER

14   EQUIPMENTSHARE.COM, INC., et al.,       (ECF Nos. 42, 44, 45, 47)

15                  Defendants.

16

17        Presently before the court are defendants' motions for a protective order and to stay

18   discovery in this matter (ECF Nos. 42, 44, 47) and plaintiff's motion to compel discovery.[1]  (ECF

19   No. 45.)  The parties filed oppositions, replies, and joint statements regarding their discovery

20   disagreements.  (ECF No. 50, 51, 55, 57, 58, 59.)[2]

21        For the reasons stated below, the court GRANTS defendants' motions for a protective

22   order and STAYS discovery in this matter until the pending motions to dismiss are decided.

23   Accordingly, the court DENIES plaintiff's motion to compel.

24   ///

25   _____
     [1] This dispute proceeds before the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule
26   302(c)(1).

27   [2] The arguments contained in the parties' motions, oppositions, and joint statements are largely
     repetitive, and the court does not cite to every filing that contains the cited proposition or
28   quotation.

                                             1

BACKGROUND

Plaintiff's complaint alleges a scheme between defendants EquipmentShare.com, Inc., Derrick Torres, and Matthew Allen "to take confidential and proprietary information into their personal possession while still in Ahern's employ and then use it to target and raid key Ahern employees to leave Ahern and join [EquipmentShare]." (ECF No. 1 at 2.)

On October 14, 2019, plaintiff and EquipmentShare[3] stipulated to, and the court subsequently ordered, a stay on litigation in this matter while the parties attempted to mediate their dispute. (ECF Nos. 10, 11.) On November 8, 2019, plaintiff and EquipmentShare stipulated to a preliminary injunction, which was subsequently signed by the court. (ECF Nos. 15, 16.)

On December 19, 2019, the parties, including defendants Allen and Torres, filed a stipulation and proposed order to lift the stay and vacate the preliminary injunction. (ECF No. 18.) The court signed the stipulation, which ordered the parties to engage in a Rule 26(f) conference and exchange initial disclosures, and also vacated the prior order staying the case. (ECF No. 26.) The day after filing the stipulation EquipmentShare, Allen, and Torres filed motions to dismiss. (ECF Nos. 20, 22.) The district court subsequently took these motions under submission, and to date has not issued a ruling. (ECF Nos. 21, 25.)

In January 2020, the parties filed a joint discovery plan, wherein defendants requested a stay on discovery until the motions to dismiss were resolved. (ECF No. 28.) The court denied defendants' request to stay discovery, without prejudice, noting the lack of briefing, the stipulation to commence discovery signed by all parties, and the court's uncertainty of the opportunity plaintiff had to oppose defendants' request for a stay. (ECF No. 31.) In March, defendants renewed their requests to stay (accompanied by appropriate briefing), and plaintiff moved to compel discovery. (ECF Nos. 42, 44, 45, 47.) On April 23, 2020, the parties filed their joint statements concerning the discovery dispute. (ECF Nos. 58, 59.)

The motions to dismiss have been submitted without oral argument and are still pending before the court.

---

[3] Torres and Allen did not join this stipulation, and apparently were not parties to the mediation between plaintiff and EquipmentShare.

2

LEGAL STANDARDS

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. <u>Id.</u> (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); <u>Wenger v. Monroe</u>, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir. 2004).

The Federal Rules of Civil Procedure do not provide for an automatic stay on discovery when a potentially dispositive motion is pending, and federal courts generally look unfavorably upon such stays. <u>See</u> <u>Mlejnecky v. Olympus Imaging Am., Inc.</u>, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); <u>see also</u> <u>Skellercup Indus. Ltd. v. City of L.A.</u>, 163 F.R.D. 598, 600–601 (C.D.Cal.1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted).).

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. <u>Mlejnecky</u>, 2011 WL 4889743, at *6; <u>Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.</u>, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." <u>Id.</u> The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." <u>Id.</u> If either prong is not met, discovery should proceed. <u>Id.</u>

DISCUSSION

Taking the second prong first, there is no genuine dispute that the motions to dismiss can be decided without additional discovery. At present, the motions to dismiss have been fully briefed, plaintiff has filed oppositions, and the court has taken the motions under submission. (ECF Nos. 21, 25, 29, 30.) Accordingly, the court finds that defendants have met their burden as to this prong.

Regarding the first prong, plaintiff argues that the pending motions to dismiss are not meritorious and will not dispose of the entire lawsuit. (ECF No. 58 at 28.) To that end, plaintiff largely rests on its opposition to defendants' motions to dismiss. (See id.) Without determining the merits of the pending motions, the court has taken a "preliminary peek" and finds that defendants' arguments are sufficiently meritorious for a finding that the motions are potentially dispositive of the case. See Spearman v. I Play, Inc., 2018 WL 1382349, at *2 (E.D. Cal. Mar. 19, 2018) (noting a court can take a "preliminary peek" at a dispositive motion to determine if the first prong to stay discovery is satisfied).

Plaintiff largely focuses on neither of the two prongs, but on what it terms as "exceptions to the general proposition that apply to the present litigation." (ECF No. 58 at 29.) Plaintiff states that the "most noticeable" exception applicable to the present case is that defendants have stipulated to participate in discovery. (Id.) As noted, the previous stay on discovery in this case was lifted by the parties' stipulation, filed December 19, 2019, and the proposed order signed by District Judge England. (ECF Nos. 18, 26.) The stipulated order required the parties to participate in a Rule 26(f) conference, therefore commencing discovery. See Fed R. Civ. P. 26(d). Plaintiff cites to no cases involving litigants stipulating to commencing discovery and then seeking a stay shortly thereafter. Admittedly, the present procedural posture is unique; however, as already addressed, defendants have established good cause as to why discovery should be stayed in this matter. Additionally, as noted by defendants, circumstances have substantially changed since they filed their stipulation with the court: motions to dismiss were filed and taken under submission; plaintiff directed subpoenas at 12 businesses associated with defendants, including a "convenience copy" of the complaint; and, perhaps most importantly, the stated

4

purposes of stipulating to commence discovery—to receive discovery prior to the preliminary injunction hearing and to evaluate additional mediation—are no longer applicable. (See ECF Nos. 18, 58 at 43.)

In sum, the court finds that plaintiff's proposed remedy—an imposition of a blanket restriction on a party from seeking a stay on discovery when that party consents to a Rule 26(f) conference—would not serve the interests of justice and would lead to unnecessary motion practice, increased litigation costs, and a waste of judicial resources. Indeed, one only has to look at the filings in the present case to understand the burden and cost of any additional motions and disputes. Accordingly, the court finds that defendants have shown good cause for the requested stay of discovery. If defendants' motions to dismiss do not resolve this case, plaintiff will not be prejudiced by a modest delay in proceeding with discovery. In contrast, proceeding with discovery will result in unnecessary motion practice, litigation costs, and a waste of judicial resources.

## **ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' motions to stay (Doc. Nos. 42, 44, 47) are GRANTED;

2. Plaintiff's motion to compel discovery (ECF No. 45) is DENIED; and

3. Discovery in this case is STAYED until thirty (30) day after the court issues an order resolving the pending motions to dismiss.

IT IS SO ORDERED

Dated: May 7, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1788.ahren

5